THE STANDARD LIFE & ACCIDENT INSURANCE COMPANY
v. THE BOARD OF ASSESSORS OF THE
CITY OF DETROIT.

*Taxes—Insurance companies—Real-estate mortgages.*

In computing the taxable property of an insurance company, organized under the laws of this State, for the purposes of assessment under the tax law of 1891, there should be deducted from its net assets, as determined and shown by the last report of the Commissioner of Insurance, the value of the real-estate mortgages held by the company, and the remainder be determined as the amount of personal property assessable against the company; citing *Common Council v. Board of Assessors,* 91 Mich. 78.

*Mandamus.* Argued May 3, 1892. Granted May 6, and opinion filed May 11, 1892.

Relator applied for *mandamus* to compel respondents to deduct from its net assets, as shown by the last report of the Commissioner of Insurance, the value of its real-estate mortgages, and that the remainder be determined as the amount of its assessable personal property. The facts are stated in the opinion.

*Keena & Lightner,* for relator.

*John J. Speed,* for respondents.

PER CURIAM. The relator is a corporation organized and existing under the laws of this State. It has been assessed by the board of assessors of the city of Detroit, on the assessment roll, for city, State, and county taxes for the year 1892, for the value of its net assets, the sum of $221,352.36. It has filed a written protest with the board, as a board of review, and requests that the assess-

ment against it be credited with the value of the real-estate mortgages held by it. This is refused by the board for the reasons stated in their resolutions set out at large in *Latham v. Board of Assessors, ante,* 509. It is shown that the relator holds mortgages to the amount of $204,641.23 upon real estate situate within this State. A list of such mortgages has been furnished to the board of assessors.

The writ is asked to compel the board to deduct from the net assets of the relator, as determined and shown by the last report of the Commissioner of Insurance, the value of the real-estate mortgages held by it, and that the remainder be determined as the amount of personal property assessable against the relator.

Section 4, Act No. 200, Laws of 1891, provides:

"In computing the taxable property of insurance companies organized under the laws of this State, the value of the real property on which a company pays taxes shall be deducted from its net assets above liabilities, as determined and shown by the last report of the Commissioner of Insurance, and the remainder shall be the amount of personal property for which the company shall be assessed."

It is provided by section 2 of the act that, for the purpose of taxation, real property shall include real-estate mortgages.

Clearly, it is the duty of the board of assessors to assess all mortgages as real estate, and to make this deduction, and to assess to the relator the remainder only after such deduction is made. This was expressly held by this Court in *Common Council v. Board of Assessors, ante,* 78.

The *mandamus* must issue as prayed.

McGRATH, J., did not sit.